UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

WAYNE DOUGLAS WESTON                          CIVIL ACTION

VERSUS                                        NO: 10-0334

BURL CAIN, WARDEN                             SECTION: R(6)

                              **ORDER**

    Before the Court is Wayne Douglas Weston's Petition for a Writ of Habeas Corpus.[1]  The Court, having reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion. The Court writes separately only to address petitioner's argument regarding prosecutorial misconduct.

    The Court adopts the Magistrate Judge's Report and Recommendation that the challenged statements made by the prosecutor were not improper.  The Court finds that when the challenged comments are reviewed in context and in their entirety, it is evident that the prosecutor's statements were not inappropriate, but rather were permissible commentary concerning the evidence at trial.

    In addition, the Court adds that

>   [e]ven if ... [a] prosecutor's statements [are] improper, prosecutorial remarks are a sufficient ground for habeas

---

    [1]  R. Doc. 1.

>relief only if they are so prejudicial that they render the trial fundamentally unfair.  Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred.

*Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002) (internal quotation marks omitted).  In the instant case, the Court finds that the prosecutor's remarks were neither repeated nor pronounced, and there is no reasonable probability that in their absence, the result would have been different.  *Id.*

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to

deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Weston has not made a substantial showing of the denial of a constitutional right. Further, the issues would not engender debate among reasonable jurists.

Accordingly, Wayne Douglas Weston's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this  24th  day of March, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE