```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

WAYNE DOUGLAS WESTON                         CIVIL ACTION

VERSUS                                       NO: 10-334

BURL CAIN, WARDEN                            SECTION: R(6)
```

### ORDER AND REASONS

Before the Court is petitioner Wayne Weston's motion to appeal *in forma pauperis*. For the following reasons, Weston's motion is DENIED.

### I.  Background

Weston is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. He was convicted in state court of attempted manslaughter. Weston was sentenced as a third-felony offender to a term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

After unsuccessfully proceeding through the state appeal and post-conviction process, Weston filed a habeas corpus petition asserting a number of claims. Specifically, Weston argued: (1) the prosecutor made improper statements to the jury; (2) the State failed to prove intent; (3) he received ineffective assistance of counsel; (4) the prosecutor failed to maintain files in violation of state law; and (5) the Assistant District Attorney had a conflict of interest and, therefore, should not

have represented the State in an evidentiary hearing. The Magistrate Judge recommended that all of Weston's claims be denied on the merits.[1] This Court adopted the Report and Recommendation and declined to issue a certificate of appealability.[2] Weston now moves to proceed with his appeal *in forma pauperis*.

## II. Legal Standard

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data

---

[1] R. Doc. 12.

[2] R. Doc. 14.

suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Weston's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $144.33 for the six months prior to the motion's filing.[3] Weston's motion, however, is incomplete. In his application, Weston states that in the past twelve months he has received money from "other sources," but fails to describe the source of the money, the amount received and the amount he will continue to receive as required by the form.[4] Additionally, Weston states that he has cash, checking or savings accounts, but fails to state the total amount he has in

---

[3] R. Doc. 17 at 2.

[4] *Id.* at 1-2.

cash or in these accounts.[5]  Weston's failure to complete the form is grounds to deny his motion.  *See In re Stoller*, 328 F. App'x 623, 624 (Fed. Cir. 2008) (denying *in forma pauperis* motion when petitioner failed to disclose income, employment, expenses and cash available for petitioner and his spouse); *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) ("Because [petitioner] failed to provide information about his expenses, the district court was unable to determine whether he was indigent, and therefore, it properly denied his motion to proceed in forma pauperis."); *Armstrong v. San Antonio Hous. Auth.*, No. 03-1128, 2004 WL 2397577, at *1-2 (W.D. Tex. Sept. 24, 2004) (denying plaintiff's application to proceed *in forma pauperis* on appeal because, among other reasons, plaintiff failed to list his monthly income and assets with specificity).  Because Weston has not completed the application in its entirety, he has failed to meet his burden of establishing his entitlement to proceed *in forma pauperis*.

In addition, the Court finds that Weston has failed to state a nonfrivolous grounds for appeal.  An appeal may not be taken *in forma pauperis* if it is not in good faith.  28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(4)(B).  "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir.

---

[5]  *Id.* at 2.

1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A determination of an IFP movant's good faith, while necessitating a brief inquiry into the merits, is limited to whether the appeal involves legal points arguable on their merits. *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

Weston's arguments for appeal regarding self-defense and the State's failure to prove intent do not have an arguable basis in either law or in fact. As stated in the Report and Recommendation adopted by the Court, the Louisiana First Circuit found that petitioner's conviction resulted from the jury's determination as to the credibility of the witnesses:

> Clearly, the revelation of the plot to pay the victim and provide Shantell and Perry Babin with money in exchange for their testimony destroyed the credibility of the defense witnesses. Moreover, [petitioner's] contention that he used the knife in self-defense was contrary to the initial statements he made to the police officers that there was no knife involved.[6]

Weston's guilty verdict indicates that the jurors accepted the testimony of the State's witnesses and rejected the testimony of the defense witnesses. The Louisiana First Circuit, therefore, held that a rational trier of fact could have concluded that

---

[6] R. Doc. 12 at 16.

petitioner did not act in self-defense and that the State proved the offense of attempted manslaughter beyond a reasonable doubt. The First Circuit's reasoning was not an unreasonable application of the law enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979), to the facts of this case.

In addition, Weston's claims of prosecutorial misconduct do not have an arguable basis in law or in fact. The challenged statements made by the prosecutor were not improper because they were merely conclusions or inferences the prosecutor wished the jury to draw from the evidence. *See United States v. Munoz*, 150 F.3d 401, 414 (5th Cir. 1998) (stating that a prosecutor is not prohibited from providing jurors with conclusions or inferences he wishes the jury to draw from the evidence as long as those conclusions and inferences are grounded upon evidence). Further, the remarks were neither repeated nor pronounced, and there was no reasonable probability that in their absence, the result would have been different. *See Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002) ("[P]rosecutorial remarks are a sufficient ground for habeas relief ... only if the prosecutor's remarks evince either persistent and pronounced misconduct or the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred.").

Weston's claims of ineffective assistance of counsel do not have an arguable basis in law or in fact. Weston asserts that he

6

was denied effective assistance of counsel when: (i) his attorney did not request a mistrial based on prosecutorial misconduct; (ii) his attorney did not request a jury instruction on justification; and (iii) his attorney did not investigate and secure the testimony of an eyewitness.  But, Weston has failed to show that counsel's performance was deficient or that the alleged deficient performance caused him prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (performance and prejudice test).  Because, as discussed above, the prosecutor's comments were not objectionable, counsel was not ineffective for failing to object or failing to request a mistrial.  Additionally, because the trial court provided the jurors with a justification instruction, Weston's claim that his counsel was ineffective for not requesting such an instruction is clearly without merit.  Finally, petitioner's claim that counsel was ineffective for failing to investigate and secure the testimony of an eyewitness has no arguable basis in law or fact.  It is not reasonably probable that testimony repetitive of testimony elicited at trial would have altered the outcome of the trial.

Petitioner's next grounds for appeal is that claims denied on procedural grounds were not remanded for a hearing on the merits.  The Court, however, did not deny any of Weston's arguments on procedural grounds.  The Report and Recommendation states that because the petition was timely and petitioner had

exhausted his state court remedies, the Court would address the merits of petitioner's claims.

For the reasons stated in the Report and Recommendation adopted by the Court, the Court did not issue a certificate of appealability. Specifically, the Court found that after reviewing each of Weston's claims on the merits, Weston had not made a substantial showing of the denial of a constitutional right and the issues would not engender debate among reasonable jurists.

Based on the foregoing, the Court finds that Weston's assertions do not have an arguable basis in law or in fact, and his appeal is therefore frivolous.

**IV. CONCLUSION**

Accordingly, Weston's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this ___13th___ day of May, 2011.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE